*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ROBERT FIGUEROA,

        Petitioner,

v.

ROBERT BUECHELE, et al.,

        Respondents.

Civil Action No. 15-1200 (CCC)

OPINION

---

**CECCHI, District Judge:**

Petitioner Robert Figueroa, confined at South Wood State Prison in Bridgeton, NJ, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging two sentences imposed by the State of New Jersey on January 21, 2005 and December 10, 2010. For reasons stated below, the Court dismisses the Petition.

## I. BACKGROUND

Petitioner pled guilty to certain counts in two indictments in the Superior Court of New Jersey, Indictment 04-04-310 ("Indictment 310") and Indictment 04-04-312 ("Indictment 312"), on November 24, 2004. (ECF No. 1, ¶¶ 3, 4.); *State v. Figueroa*, No. A-5732-10, 2013 WL 3835343, at *1 (N.J. Super. Ct. App. Div. July 26, 2013).[1] On January 21, 2005, Petitioner was sentenced to 16 years imprisonment for Indictment 310. (*Id.*, ¶ 6.) It is unknown why Petitioner

---

[1] This is the consolidated opinion issued by the Appellate Division on direct appeal of Indictment 312, and appeal for denial of post-conviction relief for Indictment 310.

was not sentenced on Indictment 312 at the same time.[2] There appears to be no direct appeal filed for Indictment 310.

On January 18, 2010, Petitioner filed an application for post-conviction relief for Indictment 310. (ECF No. 1-8.) On August 31, 2010, Petitioner's application for post-conviction relief for Indictment 310 was denied. (ECF No. 1, ¶ 23.) On December 10, 2010, Petitioner was finally sentenced for Indictment 312, to 10 years imprisonment, which was to run consecutive to the sentence for Indictment 310. (*Id.*, ¶ 10.); *Figueroa*, 2013 WL 3835343, at *2. Petitioner appealed both the denial of post-conviction relief of Indictment 310 and the conviction/sentence of Indictment 312, and in a consolidated opinion, the Appellate Division affirmed both decisions. *Figueroa*, 2013 WL 3835343, at *1. Petitioner filed a petition with the Supreme Court of New Jersey, but it was denied on February 14, 2014. *State v. Figueroa*, 217 N.J. 287 (2014). Petitioner then filed the instant Petition on February 14, 2015.

## II.   DISCUSSION

### A.  Separate Petitions

"No habeas petitioner can challenge different determinations in a single action." *McKnight v. U.S.*, 27 F. Supp. 3d 575, 578 (D.N.J. 2014).

> Habeas Rules do not envision . . . a lump-sum challenge to the circumstances which a litigant might find himself in. Rather, under Habeas Rule 2(e), Petitioner is obligated to submit a separate habeas application challenging each particular determination . . . . Petitioner shall select, for the purposes of each . . . habeas action, a particular administrative or judicial determination . . . he wishes to challenge, and then file an individual petition with regard to each specific challenge.

*Id.* (quoting *Alou v. Holder*, No. 10-3728, 2010 WL 4316946, at *1 (D.N.J. Oct. 22, 2010)); *see* Rule 2(e) of Rules Governing Section 2254 Cases in the United States District Courts. "When a

---

[2]   Even the Appellate Division on review could not ascertain the reason why the sentencing did not occur. *Figueroa*, 2013 WL 3835343, at *1.

litigant raises different habeas challenges in a single action, the court either dismisses his claims for failure to comply with Habeas Rule 2(e) or severs each line of challenges into its own habeas case." *Id.*; *see, e.g., Johnson v. Zickefoose*, No. 12-2544, 2014 WL 64456 (D.N.J. Jan. 8, 2014) (creating four separate habeas actions for each line of claims); *Watts v. U.S.*, No. 11-0912, 2011 WL 2180658 (D.N.J. May 31, 2011) (creating two separate habeas actions for each line of claims); *accord Frank v. Shartle*, No. 13-5285, 2013 WL 5592414 (D.N.J. Oct. 10, 2013) (dismissing an improperly raised claim without prejudice to raising it in a new case); *Izac v. Norwood*, No. 10-5865, 2010 WL 5095893 (D.N.J. Dec. 7, 2010) (dismissing an improperly raised claim under the Rule and on alternative grounds).

Here, the Petition challenges two separate sentences in violation of Rule 2(e). Because the Court is dismissing the claims arising out of Indictment 310 below, and because the Petition is written in a way that intertwines the claims arising out of both Indictment 310 and Indictment 312, the Court finds that it is more appropriate to dismiss the claims arising out of Indictment 312 without prejudice, and to allow the Petitioner to file a new petition addressing only those claims concerning Indictment 312. As such, the Court dismisses the claims related to Indictment 312 without prejudice, and Petitioner has 30 days from the date of entry of the accompanying Order to refile a new petition.

### B. Statute of Limitations

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), "including the

90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Gibbs*, 2009 WL 1307449, at *2.

Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Gibbs*, 2009 WL 1307449 at *3; *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Gibbs*, 2009 WL 1307449, at *3 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Id.* (internal citations omitted).

Here, for Indictment 310, Petitioner was sentenced on January 21, 2005. There is no evidence, and Petitioner does not allege in the Petition, that an appeal was filed to challenge that sentence, nor does the state appellate court's decision reference any such appeal. It was not until January 18, 2010 that Petitioner filed an application for post-conviction relief. Under the Rules

Governing the Courts of the State of New Jersey, Petitioner had 45 days to appeal his sentence. N.J. Court Rules, R. 2:4-1. Since Petitioner did not file an appeal, his sentence and conviction became final on March 7, 2005, and his time to file a § 2254 petition expired on March 7, 2006. Because Petitioner did not file an application for post-conviction relief until January 18, 2010, no statutory tolling was allowed, so the instant Petition, filed on February 14, 2015, is time-barred with regard to Indictment 310. As Petitioner alleges no grounds for equitable tolling, the Court has no jurisdiction to entertain claims for habeas relief arising from Indictment 310 and, thus, those claims will be dismissed. If Petitioner has valid reasons why equitable tolling should be applied to those claims, Petitioner may file a motion to reopen stating those reasons within 30 days from the date of entry of the accompanying Order.

### III.   CONCLUSION

For the reasons set forth above, the Petition is DISMISSED. The claims related to Indictment 310 are DISMISSED WITHOUT PREJUDICE. Petitioner may argue that he is entitled to equitable tolling on the claims related to Indictment 310 by filing a motion to reopen this case within 30 days of the date of entry of the accompanying Order. Petitioner's claims related to Indictment 312 are DISMISSED WITHOUT PREJUDCE. Those claims must be refiled in a separate case, utilizing a proper form petition as specified by Local Civil Rule 81.2.

**Claire C. Cecchi, U.S.D.J.**

Dated: March 25, 2015