***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT FIGUEROA, | : | |
| | : | Civil Action No. 15-1200 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ROBERT BUECHELE, et al., | : | |
| | : | |
| Respondents. | : | |

**CECCHI, District Judge:**

Petitioner Robert Figueroa, confined at South Wood State Prison in Bridgeton, New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging two sentences imposed by the State of New Jersey on January 21, 2005 and December 10, 2010. The Court previously dismissed the Petition, finding that the claims against the 2005 sentence were time-barred, and that the Petition impermissibly challenged two separate sentences in violation of the separate-petition rule. (ECF No. 3.) The Court directed Petitioner to file a separate petition for the 2010 sentence. *Id.* Presently before the Court is Petitioner's Motion to Amend the Petition, addressing only the 2005 sentence ("Motion"). For reasons stated below, the Court denies the Motion.

### I.     FACTUAL BACKGROUND

The Court only recites relevant facts for the purposes of this Opinion, and will only address the 2005 sentence. Petitioner pled guilty to one count of possession with intent to distribute heroin in New Jersey state court. *State v. Figueroa*, No. A-5732-10, 2013 WL 3835343, at *1 (N.J. Super.

Ct. App. Div. July 26, 2013). On January 21, 2005, Petitioner was sentenced to 16 years imprisonment. (ECF No. 4 at 1.) There was no direct appeal filed.

On January 18, 2010, Petitioner filed an application for post-conviction relief ("PCR"). *Id.* at 3. On August 31, 2010, Petitioner's PCR application was denied. *Id.* Petitioner appealed, and the Appellate Division affirmed the denial. *Figueroa*, 2013 WL 3835343, at *1. Petitioner filed a petition with the Supreme Court of New Jersey, but it was denied on February 14, 2014. *State v. Figueroa*, 217 N.J. 287 (2014).

Petitioner filed the Petition in this Court on February 14, 2015. On March 25, 2015, the Court dismissed the Petition, finding that Petitioner is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") from challenging his 2005 sentence. (ECF No. 3.) The Court permitted Petitioner to move to reopen the case and amend the Petition, but only if Petitioner provided valid reasons for equitable tolling. *Id.* at 1. Petitioner then filed the instant Motion.

## II. DISCUSSION

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), "including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999)).

2

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Gibbs*, 2009 WL 1307449, at *2.

Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Gibbs*, 2009 WL 1307449 at *3; *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Gibbs*, 2009 WL 1307449 at *3 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)). More specifically, "[e]xtraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Id.* (internal citations omitted).

Petitioner states in his Motion that his conviction and sentence became final on March 7, 2005. (ECF No. 4-2 at 10.) As such, his AEDPA statute of limitations period, assuming no tolling, expired on March 7, 2006. However, Petitioner argues that because some of his claims relate to the length of his sentence, which relied on a previous conviction that was later overturned on June 23, 2006, he could not have filed the Petition within the AEDPA limitations period. *Id.* Petitioner then asserts that, "[a]fter the basis for the Habeas Corpus Petition arose, the Petitioner diligently pursued his rights by first filing a Petition for Habeas Corpus relief on January 18, 2010." *Id.*

3

Based on the Court's review of the procedural history, the Court notes that Petitioner is apparently referring to his state PCR application, not his federal habeas petition. As such, Petitioner claims that his AEDPA statute of limitations was tolled by virtue of filing a state PCR application.

Petitioner's argument does not support equitable tolling. Even assuming that the factual predicate of the entire Petition – not just those claims relating to the length of his sentence – arose on June 23, 2006, Petitioner's AEDPA statute of limitations would start running at that point. *See* 28 U.S.C. § 2244(d)(1)(D). Petitioner maintains that he then "diligently pursued his rights by first filing a [PCR application] on January 18, 2010." However, filing a PCR application three and half years after Petitioner discovered the basis of his claims is not "diligent." Petitioner presents no additional facts or arguments supporting equitable tolling. Accordingly, the Court finds that Petitioner has not demonstrated that he is entitled to equitable tolling, and denies the Motion.

### III. CONCLUSION

For the reasons set forth above, the Motion is DENIED.

Dated: June 30, 2015

Claire C. Cecchi, U.S.D.J.